JESSE W. COBB and GLORIA J. COBB, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cobb v. Commissioner
Docket No. 5806-75.
United States Tax Court
T.C. Memo 1979-328; 1979 Tax Ct. Memo LEXIS 199; 38 T.C.M. (CCH) 1267; T.C.M. (RIA) 79328; August 21, 1979, Filed Jesse W. Cobb, pro se. Robert A. Johnson, for the respondent. MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the year 1971 in the amount of $1,129.04, and an addition to tax of $564.52 under section 6653(b). [1] For the year 1972 respondent has determined a Federal income tax deficiency of $2,612, and an addition to tax of $1,306 under section 6653(b) against petitioner Jesse W. Cobb only since no return had been filed for either petitioner for such latter year. *200 For reasons appearing of record, and considering respondent's concessions, we have by order of February 10, 1978, granted respondent's motion to dismiss for failure properly to prosecute with regard to income tax deficiency as to petitioners for the year 1971 of $420, and with regard to income tax deficiency as to petitioner Jesse W. Cobb for the year 1972 of $2,308. Thereafter respondent introduced evidence at the trial of the section 6653(b) issues, and the sole remaining questions are whether petitioners' understatement of income for 1971, and petitioner Jesse W. Cobb's understatement of income for 1972 are due to fraud. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners are husband and wife who resided in Chesapeake, Virginia, when the petition herein was filed. They had filed a timely joint income tax return for 1971 with the Memphis Service Center, Mephis, Tennessee, on which they reported total gross *201 income of $2,604.38, made up entirely of wages from Norfolk, Baltimore and Carolina Lines, Inc., Yellow Cab, Inc., and Manpower, Inc. Tidewater, and all reported on Treasury Department W-2 Forms by those employers. Neither petitioner filed any income tax return, nor paid any income tax for the year 1972. During the years in issue petitioner husband, hereinafter Jesse, received the following as payments for construction work: 1971
1972
From Traverse Bay Corporation
$5,272.00
$ 1,130.00
From Connor and Foy
2,189.93
From Bullock and Chidester
10,849.29
From Hecht Construction Company
17,376.65
Totals:
$7,461.93
$29,355.94
During 1971 Jesse paid, out of his 1971 construction proceeds, the following amounts to joint venturers: To Bobby L. Lewis
$1,772.51
To J. D. Cobb
216.00
To J. W. White
164.56
To George Ferguson
164.56
Total:
$2,317.63
The only business expenses incurred and paid by either petitioner during the years in issue were: 1971
1972
Miscellaneous business
expenses $ 162.04 $ 150.00
Labor expenses
1,353.00
15,695.25
The only business records kept by petitioners during 1971 *202 and 1972 were two notebooks reflecting gross receipts from the construction business, expenses incurred, and payments to joint venturers, all as shown above. During the years in issue petitioners were entitled to a total of six exemptions, their own two, and four for their four dependent children. Petitioners did not incur sufficient personal expenses during 1971 or 1972 to be entitled to a greater deduction than could be obtained by taking the standard deductions. A revenue agent interviewed Jesse in October 1973, and explained to him that any proceeds from subcontracting work were considered to be income. Jesse, however, stated that he had reported all of his 1971 income on his tax return and that he had hurt his back in 1972 and, consequently, did not work, had no income, and therefore had filed no return. A second interview was scheduled for a week later and Jesse was asked to bring in his books and records. He appeared for the interview but brought no books and records and again denied having any unreported income for either 1971 or 1972. A third interview was had on January 11, 1974, at the Cobb's residence attended by both petitioners and by Revenue Agent James *203 Gullick and Special Agent Thomas Herrity. Jesse again denied having any unreported income for either 1971 or 1972, whereupon Herrity said "what about Traverse Bay." Jesse replied that he had "received income from work he performed for the Traverse Bay Corporation" but stated that there had been no other income. Herrity then asked "what about Connor and Foy." At this question Jesse let his head fall toward his knees and Gloria J. Cobb (Gloria) ran from the room stating "they know everything." She returned to the room in a few minutes with a small red record book which showed details of Jesse's income and expenses for the years in issue. Prior to the production of the above record book petitioners had produced no records which would have led to the discovery of the income sources there revealed. Petitioners had $5,144.30 in unreported construction income during 1971, and miscellaneous and labor expenses for that year of $1,515.04. Petitioner Jesse had $29,355.94 in unreported construction income for 1972, and miscellaneous and labor expenses of $15,845.25 for that year. Petitioners kept records of this income and expenses for the years in issue and were aware of the figures *204 at all times. Petitioners failed to report $420 of income tax liability in 1971, said failure being due in whole or in part to fraud. Petitioner Jesse failed to report and any income tax in the amount of $2,308 for 1972, said failure being due in whole or in part to fraud. OPINION Under section 7454(a) the burden of proof with respect to fraud is on the respondent and such fraud must be shown by clear and convincing evidence. , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court, cert. denied ; ; . Consideration of the facts in this case compels the conclusion that respondent has carried his burden by clear and convincing evidence. The willful attempt to evade tax may be inferred from any conduct calculated to mislead or conceal, such as the intentional filing of the false 1971 return which showed only that income which had been reflected on the W-2 Forms *205 filed by Jesse's employer; and also where the method involves a willful failure to make any return whatever--as in the year 1972. . It is true that petitioners (for the year 1971) and Jesse (for the year 1972) failed to report legitimate expenses from the construction business but the simple answer to this is that such action on their part would have flagged the existence of construction income; and the net income for the years 1971 and 1972 amounted to approximately $3,600 and $13,500, respectively. During the interviews Jesse lied to the revenue agents and Gloria acquiesced by her silence until she realized that the agents knew of the construction income. For all of the above reasons we hold that the underpayments of taxes by the petitioners for 1971 and by petitioner Jesse for 1972 were due to fraud. Because of concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise specified, all statutory references are to the Internal Revenue Code of 1954.↩
2. By his answer respondent has asserted increased deficiencies under sections 6651(a) and 6653(a) in the alternative. Since we sustain respondent's determination under section 6653(b), these alternatives are not reached.↩